WILLIAM ROEMER, appellant,

*v.*

PATRICK H. CONLON and JOHN CONLON, respondents.

Equity will not restrain an action at law brought to recover the contract price of digging a well, on the ground of misrepresentations by the defendant (1) as to the depth necessary to sink the well, which seems to have been a mere expression of opinion, (2) as to the price previously paid defendant for similar work, which may be shown as a defence in the action at law; nor on the ground that the contract ought to be reformed so as to insert a stipulation by the complainant to furnish the steam required to drill the well (which he did), and a promise by defendant to pay therefor, because complainant testifies that he knew of the alleged omission when the contract was signed, and therefore there was no mistake, especially where the defendant denies such promise and his evidence is corroborated.

---

On appeal from an order of the chancellor dissolving an injunction, who filed the following conclusions:

The injunction granted in this case restrains the further prosecution of an action at law. The defendant asks for its dissolution. The complainant puts his right to retain it on two grounds.

First. That he was induced to enter into the contract sued on by fraud. The contract provides for sinking a well on the lands of the complainant. The complainant says, the defendant made two false representations to him, and that by means of them he was induced to enter into the contract: first, he says, that the defendant told him that it would not be necessary to sink the well lower than twenty-five feet below the point to which it was sunk when the contract was made, to get a sufficient supply of water for his purposes, and that the whole cost of the well would not exceed $125 ; and, second, that the defendant said that he had never done work of the kind he agreed to do for complainant for a price less than that which the complainant agreed to pay. The first of these representations is obviously a mere expression of opinion or judgment, and, even if it turned out to be mistaken or erroneous, would not constitute a sufficient foundation for either an action or a defence. *Wise* v. *Fuller, 2 Stew. Eq. 259.* Besides, the contract put the matter of depth and expense entirely in the hands of the complainant. He was at liberty to stop the work at any time after a depth of twenty-five feet had been reached.

The second falsehood attributed to the defendant consists of a representation respecting a fact peculiarly within the knowledge of the defendant. Therefore, if what he said respecting it was false, he committed a fraud. But a complete and perfect defence on this ground, as well as in respect to the first matter charged as a misrepresentation, can be made at law. When that is the case a court of equity cannot interfere without transcending its jurisdiction.

The second ground on which the complainant insists that the injunction should be retained is, that he cannot make a full defence without a reformation of the contract, and, therefore, the court should retain jurisdiction, so that the contract may be reformed and full justice done. The complainant says, that, during the negotiations which resulted in the contract, it was agreed that he should furnish the defendant with the steam necessary to be used in sinking the well, and that the defendant should credit him for the value of the coal which should be burned in excess of the amount ordinarily required for complainant's factory. Subse-

quently the defendant submitted a written proposal, containing the terms of the contract he was willing to make. The proposal contained this clause : " We to be supplied with steam to run our engine." The bill describes what afterwards took place as follows : "And your orator shows, that on reading said contract, as proposed, he called the attention of said defendant to the fact that said proposition made no allowance to your orator for the steam to be supplied by him, but apparently contemplated that no charge should be made by your orator, nor allowance to him therefor ; and that said defendant replied that of course allowance for the value of such steam was intended and would be made accordingly."

The complainant says, that he then accepted defendant's proposal. He did so by writing the word "accepted" below the proposal and affixing his signature. He did not .change the language of the proposition, by addition or otherwise, nor ask the defendant to change it. Equity may correct mistakes in written instruments, but to warrant the exercise of this power the proof must be entirely satisfactory. *1 Story Eq. Jur.* § *152.* I think it may well be doubted whether any mistake is shown here, such, at least, as equity can correct. On the complainant's own showing, it appears that he knew just what his bargain was, and just how much of it was set out in the contract, and just what part was omitted. When he signed the contract, he knew it did not contain the whole bargain. He did not sign it believing that it contained something which it did not contain. There was no mistake as to what the contract contained. He acted with full knowledge—he knew exactly what he was doing, but it is possible that he did not fully understand the legal effect of his act. If that is so, he may have committed a mistake, but his mistake is one of law rather than of fact. Whether a mistake of this kind can be corrected in equity, is a question upon which the authorities are not agreed. A discussion of that question is, however, not necessary to the decision of this motion.

The equity on which this part of the complainant's case rests is fully denied. The defendant swears that it was distinctly understood that the complainant should furnish steam without

charge, and that the contract contains the whole of the agreement on that subject. He is corroborated by the complainant's bookkeeper. The most decisive evidence on that point, however, is that which the circumstances attending the execution of the contract, as described by complainant himself, furnish. I cannot believe that the complainant would have signed a contract which he knew, and which the other party to it admitted, was incomplete in an important particular, especially in view of the fact that the omitted term was one favorable to the complainant, and which he would naturally feel that the contract should contain in order to make his rights as secure as the contract made those of the defendant. *Ramsey* v. *Smith, 5 Stew. Eq. 28*, prescribes the rule by which the court should be governed in dealing with a motion to dissolve an injunction in a case like the one under consideration.

The injunction must be dissolved, with costs.

*Messrs. Cortlandt & R. Wayne Parker*, for the appellant.

*Mr. W. C. Headley* and *Mr. Alpheus Struble*, for the respondents.

PER CURIAM.

This order unanimously affirmed, for the reasons given by the chancellor.